**CHRISTENSEN JAMES & MARTIN**
Evan L. James, Esq. (7760)
Daryl E. Martin, Esq. (6735)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 255-1718
Facsimile: (702) 255-0871
Email: elj@cjmlv.com, dem@cjmlv.com
*Attorneys for California Ironworkers Field Pension Trust,*
*California Ironworkers Field Welfare Trust, California and*
*Vicinity Field Ironworkers Annuity Fund, California Field*
*Ironworkers Vacation Trust Fund, California Field Ironworkers*
*Apprenticeship Training and Journeyman Retraining Fund,*
*Ironworkers Workers' Compensation Trust, California Field*
*Ironworkers Administrative Trust, and California*
*Field Ironworkers Labor Management Cooperative Trust*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

The Trustees of the California
Ironworkers Field Pension Trust,
California Ironworkers Field Welfare
Trust, California and Vicinity Field
Ironworkers Annuity Fund, California
Field Ironworkers Vacation Trust Fund,
California Field Ironworkers
Apprenticeship Training and Journeyman
Retraining Fund, Ironworkers Workers'
Compensation Trust, California Field
Ironworkers Administrative Trust, and
California Field Ironworkers Labor
Management Cooperative Trust,

              Plaintiffs,

vs.

Derr & Isbell Construction, LLC, a
Delaware limited liability company; Arch
Insurance Company, a Missouri
corporation; SureTec Insurance

Case No.: 2:20-cv-00716

**COMPLAINT**

CHRISTENSEN JAMES & MARTIN, CHTD.
7440 WEST SAHARA AVE., LAS VEGAS, NEVADA 89117
PH: (702) 255-1718 & FAX: (702) 255-0871

1  Company, a Texas surety company;
Merrill Iron & Steel, Inc., a Wisconsin
2  Corporation; Nevada State Contractors
Board, a Nevada regulatory agency;
3  Liberty Mutual Company, a
Massachusetts corporation; M. A.
4  Mortenson Company, a Minnesota
corporation; McCarthy Building
5  Companies, Inc., a Missouri corporation;
Federal Insurance Company, an Illinois
6  corporation; and Mortenson-McCarthy
7  Las Vegas Stadium, a Joint Venture, a
general partnership; Hinner, Hinner,
8  Rejek, LLC, a Wisconsin limited liability
9  company; Hinner, LLC, a Wisconsin
limited liability company,
10
11
12              Defendants.
13

14       The Plaintiffs, Trustees of the California Ironworkers Field Pension Trust,

15  California Ironworkers Field Welfare Trust, California and Vicinity Field

16  Ironworkers Annuity Fund, California Field Ironworkers Vacation Trust Fund,

17  California Field Ironworkers Apprenticeship Training and Journeyman Retraining

18  Fund, Ironworkers Workers' Compensation Trust, California Field Ironworkers

19  Administrative Trust, and California Field Ironworkers Labor Management

20  Cooperative Trust ("Plaintiffs" or "Trust Funds"), acting by and through their

21  attorneys, Christensen James & Martin, Chtd., hereby complain, assert and allege

22  as follows:

23                    **JURISDICTION & VENUE**

24       1.     This Court has jurisdiction of this case pursuant to Section 502(e)(1) of

25  the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29

26  U.S.C. § 1132(e)(1), which grants the United States District Courts exclusive

27  jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3)

of ERISA, 29 U.S.C. § 1132(a)(3), to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA, 29 U.S.C. § 1132(f).

2.    This Court has jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a), wherein United States District Courts are granted original jurisdiction over suits for violation of contracts between an employer and labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3.    Jurisdiction over state law claims exists pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that this is the Judicial District where the breach took place.

## **PARTIES**

5.    The Trust Funds are express trusts created pursuant to written declarations of trust, consistent with § 302(c), of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)(5)], existing to provide benefits to participants in Southern Nevada. These trusts are "multi-employer plan[s]" within the meaning of Section 3(37)(A) of ERISA [29 U.S.C. § 1002(37)(A)] and "employee benefit plan[s]" or "plan[s]" within the meaning of Section 3(3) of ERISA [29 U.S.C., § 1002(3)]. These trusts are subject to the regulations of ERISA pursuant to Section 4(a) of ERISA [29 U.S.C. § 1003(a)], and bring this action in accordance with Sections 502(d)(1), 502(a)(3) and 515 of ERISA, as amended [29 U.S.C. § 1001, *et seq*.]. At all times material herein, these trusts have existed to provide employee benefits, such as health, welfare, and pensions, to their beneficiaries and plan participants.

6.   The Trustees of the Trust Funds are "named fiduciar[ies]," "plan administrator[s]" and "plan sponsor[s]" and each is an individual "fiduciary," within the meaning of 29 U.S.C. § §1102(a), 1002(16), & (21), with respect to collection of contributions due to the Trust Funds and related matters.

7.   Defendant Derr & Isbell Construction, LLC ("Derr") is a Delaware limited liability company and construction contractor operating in Nevada under Nevada Contractor's License No. 0082556, C-14 Steel Reinforcing and Erection.

8.   Arch Insurance Company ("Arch") is a Missouri corporation that issued Contractors Licensing Bond No. SU1162676 in the amount of $50,000.00 ("Arch Bond") so that Derr may hold a contractor's license in the State of Nevada.

9.   SureTec Insurance Company ("SureTec") is a Texas surety that issued Contractors Licensing Bond No. 5236219 in the amount of $50,000.00 ("SureTec Bond") so that Derr may hold a contractor's license in the State of Nevada.

10.   Merrill Iron & Steel, Inc. ("Merrill") is a Wisconsin Corporation and construction contractor operating in Nevada under Nevada Contractor's License No. 82641, C-14(B) Structural Steel.

11.   Nevada State Contractors Board ("NSCB") is a Nevada regulatory agency that governs contractors in the State of Nevada that accepted a $50,000.00 cash deposit ("Merrill Licensing Bond") pursuant to NRS 624.270(1)(b) for the purpose of Merrill obtaining a contractor's license in the State of Nevada.

12.   Liberty Mutual Company ("Liberty") is a Massachusetts corporation that issued payment bond No. 354-037-605 ("Payment Bond"), with Merrill as principal, for the payment of labor debts incurred by Merrill and its subcontractor Derr for work performed in the construction of the Allegiant Stadium aka Raiders Stadium located at 3333 Al Davis Way in Las Vegas, Clark County, Nevada ("Project").

13.   M. A. Mortenson Company ("Mortenson") is a Minnesota corporation

and construction contractor operating in Nevada under Nevada Contractor's License No. 0072732, AB General Engineering and General Building.

14. Federal Insurance Company ("Federal") is an Illinois corporation that issued Contractors Licensing Bond No. 8216-73-99 in the amount of $50,000.00 ("Mortenson Licensing Bond") so that Mortenson may hold a contractor's license in the State of Nevada.

15. McCarthy Building Companies ("McCarthy") is a Missouri corporation and construction contractor operating in Nevada under Nevada Contractor's License No. 0066125, AB General Engineering and General Building.

16. Federal also issued Contractors Licensing Bond No. 8184-24-79 in the amount of $50,000.00 ("McCarthy Licensing Bond") so that McCarthy may hold a contractor's license in the State of Nevada.

17. Mortenson-McCarthy Las Vegas Stadium, a Joint Venture is a general partnership formed between Mortenson and McCarthy for the purpose of constructing the stadium ("Allegiant Stadium" or "Raiders Stadium") in Clark County, Nevada pursuant to a development agreement with the Clark County Stadium Authority.

18. Hinner, Hinner, Rejek, LLC ("HHR") is a Wisconsin limited liability company that, upon information and belief, executed an Indemnification Agreement requested by NSCB so that Merrill could receive a contractor's license from NSCB.

19. Hinner, LLC ("Hinner") is a Wisconsin limited liability company that, upon information and belief, executed an Indemnification Agreement requested by NSCB so that Merrill could receive a contractor's license from NSCB.

## **GENERAL ALLEGATIONS**

20. As general partners of Mortenson-McCarthy JV, Mortenson and McCarthy are jointly and severally liable for the debts and claims asserted by the Trust Funds for work associated with the Project.

21.   The Project is being constructed pursuant to a Project Labor Agreement ("PLA").

22.   The PLA requires contractors performing work on the Project to make contributions to benefit trust funds in accordance with the master labor agreement of each union signatory to the PLA.

23.   Mortenson-McCarthy JV is signatory to the PLA.

24.   Mortenson is signatory to the PLA.

25.   McCarthy JV is signatory to the PLA.

26.   Merrill is signatory to the PLA.

27.   Derr is signatory to the PLA.

28.   Derr also signed an Independent Agreement with the District Council of Iron Workers of the State of California and Vicinity ("District Council") and Local 433 (defined below) where it agreed to be bound by the terms of the Iron Workers State of California and Portions of Nevada … and District Council of State of California and Vicinity Master Labor Agreement ("MLA").

29.   International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, Local No. 433 ("Local 433") is a union signatory to the PLA and governed by the MLA as a local union of the District Council.

30.   Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, and Derr were required to make contributions to the Trust Funds for work performed on the Project pursuant to the terms of the PLA and MLA.

31.   Employers subject to the MLA agree to be bound by the provisions of trust agreements that govern the Trust Funds ("Trust Agreements"), including but not limited to such items as interest, costs, and legal fees.

32.   Employers subject to the MLA have reporting and payment obligations to the Plaintiffs for covered work performed by their employees.

33.   Work performed by the employees of Mortenson-McCarthy JV,

Mortenson, McCarthy, Merrill, Derr and/or their subcontractors is work covered by the PLA and MLA.

34.   The Trust Funds are intended beneficiaries of the PLA.

35.   The Trust Funds are intended beneficiaries of the MLA.

36.   The Trust Funds are intended beneficiaries of the Derr Independent Agreement.

37.   At all times material herein, Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr and/or their subcontractors were obligated submit written reports to the Trust Funds on a timely basis showing the identities of all employees performing covered work, and the number of hours worked by or paid to these employees for covered work performed ("Contribution Reports").

38.   Contribution Reports must be submitted to the Trust Funds even when there are zero hours to report.

39.   Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr and/or their subcontractors promised to pay fringe benefit contributions to the Trust Funds, on a monthly basis at specified rates, for each hour worked by, or paid to, employees for covered work.

40.   Pursuant to the written terms of the Trust Agreements and *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.,* 472 U.S. 559 (1985), the Trust Funds undertake periodic reviews (audits) of contributing employers' payroll records to test each employer's compliance with the report and payment obligations described herein.

41.   Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr and/or their subcontractors are each individually required to submit written reports to the Trust Funds from the time each executed or assented to the PLA, MLA and/or the Independent Agreement, as the case may be, through the present date.

42.   The Trust Funds have made written demand for reports and payments to

Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr.

43.   Full payment has not been received by the Trust Funds.

44.   Audits have not been allowed by the Defendants.

45.   It has become necessary for the Trust Funds to retain legal counsel and initiate this lawsuit to protect their legal rights under the PLA, MLA, Independent Agreement, Trust Agreements, and ERISA.

46.   Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr and/or their subcontractors are each individually obligated to submit written reports, to submit to a compliance audit, and to pay the Trust Funds all unpaid fringe benefit contributions plus accrued interest, liquidated damages, attorney's fees, costs of suit, and audit costs, pursuant to the PLA, MLA, Independent Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2).

## FIRST CAUSE OF ACTION
### [Breach of Contract & Violation of ERISA - 29 U.S.C. § 1132]
### [Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr]

47.   Plaintiffs herein restate and reallege the above allegations.

48.   Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr and/or their subcontractors are contractually delinquent for failing to remit reports for covered work performed by their employees and failing to pay contributions and/or other contract damages owed to the Trust Funds.

49.   The Trust Funds are entitled to receive monthly remittance reports from each identified contractor and all fringe benefit contributions, interest, and liquidated damages owed to the Trust Funds pursuant to the PLA, MLA, Independent Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2).

50.   A known delinquency of $1,146,618.37 ("Identified Delinquency") for work performed on the Project is owed to the Trust Funds by the identified contractors and their subcontractors.

51. The Identified Delinquency consists of $922,334.01 in unpaid contributions for the September through December 2019 work months, $27,196.99 in accrued interest (which continues to accrue), and $197,087.37 in liquidated damages (which continue to accrue). Attorneys' fees are also owed in a presently-undetermined amount that will continue to increase.

52. Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr and/or their subcontractors' actions have required the Trust Funds to retain legal counsel to enforce their rights under the PLA, MLA, Independent Agreement, Trust Agreements, and ERISA.

## SECOND CAUSE OF ACTION
### [Injunctive Relief]
### [Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, Derr]

53. Plaintiffs herein restate and reallege the above allegations.

54. Pursuant ERISA, the Trust Agreements, and *Cent. States, Se. & Sw. Areas Pension Fund v. Cent. Transp., Inc.,* 472 U.S. 559 (1985), the Trust Funds are entitled to compliance audits and to recover a sum equal to any and all unpaid fringe benefit contributions discovered in the audit, plus accruing interest, liquidated damages, attorney's fees, costs of suit, and audit costs.

55. The material breaches and violations of ERISA harm the Trust Funds and risk the ability of the Trust Funds to provide required employee benefits to their beneficiaries.

56. The Trust Funds' remedies at law are not sufficient to adequately compensate the Trust Funds or their beneficiaries from past harm caused by said violations, or to protect them from the harm or threat of harm caused by future violations.

57. The Trust Funds are likely to prevail on the merits of their claims for breach of contract and violations of ERISA.

58. The Trust Funds are entitled to injunctive relief affirmatively compelling Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill, and Derr to: i) submit all past due monthly remittance reports; ii) submit monthly remittance reports going forward during the effective term of the PLA; iii) submit to a compliance audit; iv) to pay all past due contributions and related damages to the Trust Funds; and v) to pay all contribution amounts on a timely basis going forward.

59. The Trust Funds are entitled to injunctive relief affirmatively compelling Derr to: i) submit all past due monthly remittance reports; ii) submit monthly remittance reports going forward during the effective term of the Independent Agreement and/or MLA; iii) submit to a compliance audit; iv) to pay all past due contributions and related damages to the Trust Funds; and v) to pay all contribution amounts on a timely basis going forward.

### THIRD CAUSE OF ACTION
### [Claim on Payment Bond]
### [Liberty]

60. Plaintiffs herein restate and reallege the above allegations.

61. The Payment Bond was issued for the purpose paying labor claims for work performed by Merrill and its subcontractors on the Project.

62. Derr acted as a subcontractor to Merrill for work on the Project.

63. Contributions owed to the Trust Funds constitute labor obligations for which the Payment Bond is liable.

64. Liberty must pay to the Trust Funds an amount from the penal sum of the Payment Bond sufficient to meet the obligations owed to the Trust Funds.

### FOURTH CAUSE OF ACTION
### [Claim on Licensing Bonds]
### [Arch, SureTec, NSCB, Federal]

65. Plaintiffs herein restate and reallege the above allegations.

66.   The Arch Bond, SureTec Bond, Merrill Licensing Bond, and McCarthy Licensing Bond (collectively "Licensing Bonds") are all bonds issued pursuant to NRS 624.270.

67.   Each of the Licensing Bonds is in favor of the State of Nevada for the benefit of any person who performed labor on or about the Project.

68.   Contributions to the Trust Funds constitute wages for which each of the Licensing Bonds is individually liable.

69.   The Trust Funds, as labor claimants, are entitled to priority in payment from each of the Licensing Bonds, pursuant to NRS 624.273(6), for delinquent contributions owed for work on the Project.

## FIFTH CAUSE OF ACTION
### [Original Contractor Liability]
### [Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill]

70.   Plaintiffs herein restate and reallege the above allegations.

71.   Mortenson-McCarthy JV acted as an original contractor for work on the Project.

72.   Mortenson acted as an original contractor for work on the Project.

73.   McCarthy acted as an original contractor for work on the Project.

74.   Merrill acted as an original contractor for work on the Project.

75.   Each original contractor is subject to liability pursuant to NRS 608.150 for the labor debts of its subcontractor(s) for work on the Project.

76.   Derr acted as a subcontractor to each original contractor (Mortenson-McCarthy JV, Mortenson, McCarthy, and Merrill) when performing work on the Project.

77.   Each original contractor that had Derr in its line of subcontractors is liable to the Trust Funds for the amounts owed to the Trust Funds by Derr for work performed on the Project.

78. Each original contractor is liable to the Trust Funds for MLA covered work that was performed by its subcontractor(s).

79. The Trust Funds provided written notice of their claim(s) for work on the Project to each original contractor.

80. Each original contractor failed to pay the claims.

81. The Trust Funds are entitled to interest on their claim(s).

82. The Trust Funds are entitled to reasonable attorney fees.

## SIXTH CAUSE OF ACTION
### [Contractor Indemnity]
### [HHR, Hinner]

83. Plaintiffs herein restate and reallege the above allegations.

84. HHR agreed to indemnify claims against Merrill as a condition of Merrill receiving a contractor's license from the NSCB.

85. Hinner agreed to indemnify claims against Merrill as a condition of Merrill receiving a contractor's license from the NSCB.

86. The Trust Funds are claimants against Merrill and are intended beneficiaries of the indemnity to which HHR and Hinner have agreed.

87. HHR and Hinner are liable to the Trust Funds for claims proven against Merrill.

## PRAYER FOR RELIEF

WHEREFORE, the Trust Funds pray for Judgment against Defendants, and each of them, as follows:

1. For the Court's Order: (i) enjoining Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr from failing to submit written reports to the Trust Funds showing employees performing covered work and the hours worked by these employees; (ii) enjoining Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr from failing to pay fringe benefit contributions to the Trust Funds

on a monthly basis, when they become due, at the specified rates for each hour employees perform covered work; and (iii) compelling Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr to submit records to the Trust Funds for payroll compliance audits;

2.   For the Court's order compelling submission to the Trust Funds of previously un-submitted monthly remittance reports;

3.   For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr for unpaid fringe benefit contributions owed to the Trust Funds in an amount to be proven at trial;

4.   For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr for liquidated damages in an amount to be proven at trial;

5.   For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr accrued interest on all unpaid contributions from their due date until paid;

6.   For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr for audit costs in an amount to be proven at trial;

7.   For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr for reasonable attorney's fees;

8.   For judgment against Mortenson-McCarthy JV, Mortenson, McCarthy, Merrill and Derr for costs of suit incurred herein;

9.   For judgment against Liberty and the Payment Bond in an amount to be proven at trial;

10.  For judgment against, Arch and the Arch Bond, SureTec and the SureTec Bond, NSCB and the Merrill Licensing Bond; and Federal and the Mortenson Licensing Bond and McCarthy Licensing Bond for the full sum of each of the licensing bonds;

11.  For judgment against HHR and Hinner as indemnitors of Merrill for an

amount proven against Merrill at trial;

12.  For such additional relief as may be provided for by 29 U.S.C. § 1132(g);

13.  For such additional relief as this Court deems just and proper.

DATED this 21st day of April 2020.

CHRISTENSEN JAMES & MARTIN, CHTD.

By:   */s/ Evan L. James*
Evan L. James, Esq. (7760)
Daryl E. Martin, Esq. (6735)
7440 W. Sahara Avenue
Las Vegas, Nevada 89117
Tel: (702) 255-1718
Fax: (702) 255-0871
Email: elj@cjmlv.com; dem@cjmlv.com
*Attorneys for Plaintiffs*